UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | | |
|---|---|---|
| RODNEY SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 2:18-cv-00029-AGF |
| | ) | |
| ANDREW M. SAUL,[1] | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This action is before this Court for judicial review of the final decision of the Commissioner of Social Security finding that Plaintiff Rodney Smith was not disabled, and thus not entitled to disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-434, or supplemental security income ("SSI") under Title XVI of the Act, 42 U.S.C. §§ 1381-1383f. For the reasons set forth below, the decision of the Commissioner will be reversed and the case remanded for further proceedings.

## BACKGROUND

The Court adopts the statement of facts contained in Plaintiff's brief (ECF No. 17), which the Commissioner has admitted and supplemented (ECF No. 22-1), and the Commissioner's Statement of Additional Facts (ECF No. 22-2), which Plaintiff has not refuted. Together, these statements provide a fair description of the record before the

---

[1] After this case was filed, a new Commissioner of Social Security was confirmed. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Andrew M. Saul is substituted for Deputy Commissioner Nancy A. Berryhill as the defendant in this suit.

Court.  Specific facts will be discussed as needed to address the parties' arguments.

Plaintiff, who was born on April 4, 1962, filed his applications for benefits on December 4, 2014.  He alleged disability beginning October 1, 2014, due to atrial fibrillation, panic disorder, Dupuytren's disease, and knee problems.  On May 15, 2015, Plaintiff's applications were denied at the administrative level, and he thereafter requested a hearing before an Administrative Law Judge ("ALJ").

A hearing was held on November 10, 2016, at which Plaintiff, who was represented by counsel, and a vocational expert ("VE") testified.  A supplemental hearing was held on May 23, 2017, to take the testimony of an impartial medical expert, Delano Bolter, M.D.  By decision dated July 12, 2017, the ALJ found that Plaintiff had the residual functional capacity ("RFC") to perform less than the full range of "light" work, as defined by the Commissioner's regulations, in that:

> [H]e can lift and/or carry 20 pounds occasionally and 10 pounds frequently. He can stand and/or walk for six hours out of an eight-hour workday and sit for six hours out of an eight-hour workday except he can occasionally climb ramps and stairs and he can never climb ladders, ropes, or scaffolds.  He can occasionally kneel, crouch, and crawl.  He can frequently handle and finger. He would need to avoid hazards, such as dangerous machinery or unprotected heights.  He is capable of performing simple, routine tasks throughout the workday with occasional interaction with supervisors and coworkers.  Occasionally is defined as cumulatively comprising of no more than one-third of the total workday.  He should not be required to communicate with the general public on behalf of the employer.

Tr. 16.

The ALJ next found that, prior to April 3, 2017—when Plaintiff's age category changed to an individual of "advanced age," as defined by the Commissioner's

2

regulations—Plaintiff could perform certain unskilled jobs listed in the Dictionary of Occupational Titles ("DOT") (cleaner; small parts assembler; and inspector / hand packager), which the VE testified that a hypothetical person with Plaintiff's RFC and vocational factors (age, education, work experience) could perform and that were available in significant numbers in the national economy. Accordingly, the ALJ found that Plaintiff was not disabled under the Social Security Act prior to April 3, 2017. However, the ALJ found that Plaintiff was disabled from April 3, 2017 through the date of the ALJ's decision, as a result of the age-category change and the direct application of the Commissioner's Medical-Vocational Guidelines ("Guidelines"),[2] 20 C.F.R. Pt. 404, Subpart P, Appendix 2, Rule 202.02, which compelled a finding of disability for that time period.[3]

Plaintiff filed a timely request for review by the Appeals Council of the Social Security Administration, which was denied on March 5, 2018. Plaintiff has thus exhausted all administrative remedies, and the ALJ's decision stands as the final agency action now under review.

Plaintiff argues that the ALJ erred by: (1) giving "great weight" to the opinion of

---

[2] The Guidelines "are fact-based generalizations about the availability of jobs for people of varying ages, educational backgrounds, and previous work experience, with differing degrees of exertional impairment." *Pearsall v. Massanari*, 274 F.3d 1211, 1219 (8th Cir. 2001) (citation omitted).

[3] The ALJ's finding of disability post-April 3, 2017, is not challenged in this proceeding.

the medical expert, Dr. Bolter, as to the extent of Plaintiff's mental impairment, despite discounting some of the evidence upon which Dr. Bolter relied; (2) failing to support with sufficient medical evidence the RFC's physical limitations, particularly as to the length of time Plaintiff can stand and/or walk in an eight-hour workday; (3) failing to properly evaluate the medical opinion evidence provided by Plaintiff's treating psychiatric nurse practitioner, Catherine Browning, DNP (Doctor of Nursing Practice); and (4) improperly discrediting Plaintiff's subjective complaints based upon his daily activities. Plaintiff asks that the ALJ's decision be reversed and that he be awarded full benefits, or alternatively, that the case be remanded for further development of the record.

## DISCUSSION

**Standard of Review and Statutory Framework**

In reviewing the denial of Social Security disability benefits, a court must review the entire administrative record to determine whether the ALJ's findings are supported by substantial evidence on the record as a whole. *Johnson v. Astrue*, 628 F.3d 991, 992 (8th Cir. 2011). The court "may not reverse merely because substantial evidence would support a contrary outcome. Substantial evidence is that which a reasonable mind might accept as adequate to support a conclusion." *Id*. (cleaned up and citations omitted). A reviewing court "must consider evidence that both supports and detracts from the ALJ's decision. If, after review, [the court finds] it possible to draw two inconsistent positions from the evidence and one of those positions represents the Commissioner's findings, [the court] must affirm the decision of the Commissioner." *Chaney v. Colvin*, 812 F.3d

672, 676 (8th Cir. 2016) (citations omitted).  Put another way, a court should "disturb the ALJ's decision only if it falls outside the available zone of choice."  *Papesh v. Colvin*, 786 F.3d 1126, 1131 (8th Cir. 2015) (citation omitted).  A decision does not fall outside that zone simply because the reviewing court might have reached a different conclusion had it been the finder of fact in the first instance.  *Id.*

To be entitled to benefits, a claimant must demonstrate an inability to engage in substantial gainful activity which exists in the national economy, by reason of a medically determinable impairment which has lasted or can be expected to last for not less than 12 months.  42 U.S.C. § 423(d)(1)(A).  The Commissioner has promulgated regulations, found at 20 C.F.R. §§ 404.1520 and 415.920, establishing a five-step sequential evaluation process to determine disability.  The Commissioner begins by deciding whether the claimant is engaged in substantial gainful activity.  If not, the Commissioner decides whether the claimant has a "severe" impairment or combination of impairments.  A severe impairment is one which significantly limits a person's physical or mental ability to do basic work activities.  20 C.F.R. §§ 404.1520(c).  A special technique is used to determine the severity of mental disorders.  This technique calls for rating the claimant's degree of limitations in four areas of functioning: understanding, remembering, or applying information; interacting with others; concentration, persistence, or pace; and adapting or managing oneself.  20 C.F.R. § 404.1520a(c)(3).

If the impairment or combination of impairments is severe and meets the duration requirement, the Commissioner determines at step three whether the claimant's

5

impairment meets or is medically equal to one of the deemed-disabling impairments listed in the Commissioner's regulations. If not, the Commissioner asks at step four whether the claimant has the RFC to perform his past relevant work. If the claimant cannot perform his past relevant work, the burden of production shifts at step five to the Commissioner to demonstrate that the claimant retains the RFC to perform other work that exists in significant numbers in the national economy and that is consistent with the claimant's vocational factors. *See, e.g.*, *Halverson v. Astrue*, 600 F.3d 922, 929 (8th Cir. 2010). "However, the burden of persuasion to prove disability and to demonstrate RFC remains on the claimant, even when the burden of production shifts to the Commissioner at step five." *Hensley v. Colvin*, 829 F.3d 926, 932 (8th Cir. 2016) (citation omitted). When a claimant cannot perform the full range of work in a particular category of work (medium, light, and sedentary) listed in the regulations, the ALJ must produce testimony by a VE (or other similar evidence) to meet the step-five burden. *See Baker v. Barnhart*, 457 F.3d 882, 894 (8th Cir. 2006).

**RFC's Physical Limitations**

Because the Court finds that Plaintiff's second argument—that the ALJ failed to support with sufficient medical evidence the RFC's physical limitations—warrants remand, it will discuss that argument first. Although "there is no requirement that an RFC finding be supported by a specific medical opinion," an RFC "is a medical question [and, therefore,] an ALJ's assessment of it must be supported by some medical evidence of the claimant's ability to function in the workplace." *Hensley*, 829 F.3d at 932.

As noted above, the ALJ found that Plaintiff could perform jobs falling within the category of "light work," including finding that Plaintiff could stand and/ or walk for six hours out of an eight-hour workday. The Court agrees with Plaintiff that these findings are not sufficiently supported by medical evidence.

The Commissioner's regulations define "light work" as work that involves lifting no more than 20 pounds at a time with frequent lifting or carrying of up to 10 pounds, and that might require a good deal of walking or standing, or some pushing and pulling of arm or leg controls. 20 C.F.R. § 404.1567(b). Social Security Ruling ("SSR") 83-10, elaborates that the full range of light work requires standing or walking, off and on, for a total of approximately six hours of an eight-hour workday, while sitting may occur intermittently during the remaining time; and that many unskilled light jobs require use of arms and hands to grasp and to hold and turn objects. SSR 83-10, 1983 WL 31251, at *6 (1983).

As Plaintiff notes, in determining Plaintiff's physical limitations, the ALJ relied in part on the April 20, 2015, consultative examination by Eddie Runde, M.D. In particular, the ALJ noted:

> Dr. Runde observed that the claimant was "somewhat clumsy" with pressured speech. There was tenderness and thickening of the flexor tendons in the claimant's hands, consistent with Dupuytren's contractures. There was tenderness in the claimant's left knee, but his gait was normal. Based on his observations of the claimant, Dr. Runde opined in part, that the claimant could lift/carry 30 pounds occasionally and 15 pounds frequently due to his hand contractures. Partial weight is given to this opinion. Dr. Runde is only an examining source that does not have a treating relationship with the claimant. The undersigned further finds that claimant's combined

7

physical impairments and related symptoms support *greater* limitations than Dr. Runde has indicated.

Tr. 17 (emphasis added). The ALJ then found that Plaintiff had greater limitations than Dr. Runde indicated with respect to lifting and carrying, in that the ALJ found that Plaintiff could only lift and/or carry 20 pounds occasionally and 10 pounds frequently.

However, the ALJ failed to mention other physical limitations that Dr. Runde indicated, including that:

> 3) In an 8-hour workday, [Plaintiff] may stand and/or walk with normal breaks at least 2 hours total (sedentary work – stand and/or walk for 15 minutes each hour in an 8-hour day) due to his knee [degenerative joint disease].[4]
>
> * * *
>
> 5) [Plaintiff] is limited on pushing or pulling: Unlimited other than as shown for lifting and/or carrying and unable to repeatedly/forcefully grasp with his hands (L>R).

Tr. 647.

The Commissioner concedes that Dr. Runde set forth "more restrictive limitations" than the ALJ did "regarding standing and/or walking, pushing/pulling, and grasping," but the Commissioner argues that the ALJ discounted these parts of Dr. Runde's opinion because "the ALJ properly reasoned that Dr. Runde was only an

---

[4] The Court notes that Dr. Runde's reference to "at least 2 hours" could suggest that Plaintiff is capable of standing and/or walking for a longer period of time. But because, as discussed below, the ALJ does not discuss any other medical evidence supporting his finding that Plaintiff could stand and/or walk for six hours out of an eight-hour workday, remand is required.

8

examining source and did not have a treating relationship with Plaintiff." ECF No. 22 at 7-8.

The problem with the Commissioner's argument is that it assumes the ALJ actually considered Dr. Runde's findings as to Plaintiff's standing/walking, pushing/pulling, and grasping abilities, and determined that Plaintiff was not as limited as Dr. Runde stated. But nothing in the ALJ's opinion indicates that the ALJ even considered these findings, let alone that he found they were overstated. If anything, the opinion indicates the opposite. To the extent the ALJ considered Dr. Runde's opinion, the ALJ found that Plaintiff was *more* limited than Dr. Runde stated.

And the ALJ did not explain what other medical evidence supported his findings with respect to Plaintiff's standing and/or walking, pushing and/or pulling, and grasping abilities. To the contrary, the ALJ noted that "[t]he record reflects chronic pain and fatigue associated with a heart condition, hand contractures, and a knee impairment," and that "[d]iagnostic imaging of the left knee [in January 2015] confirmed findings consistent with degeneration." Tr. 16. It may well be that the ALJ could support his finding as to the physical abilities noted above with medical evidence in the record, but he has not done so.

As Plaintiff notes, the VE testified that if the person in the ALJ's hypothetical question could only stand and/or walk for four hours in an eight-hour workday, the person could not perform the jobs the VE identified and there would be no other unskilled light occupations available. Tr. 118-19. Additional limitations with respect to

pushing, pulling, or grasping could further alter the VE's and the ALJ's analysis. Thus, the Court believes that remand is required. *See Draper v. Barnhart*, 425 F.3d 1127, 1130 (8th Cir. 2005) ("While a deficiency in opinion-writing is not a sufficient reason to set aside an ALJ's finding where the deficiency has no practical effect on the outcome of the case, inaccuracies, incomplete analyses, and unresolved conflicts of evidence can serve as a basis for remand.") (cleaned up and citations omitted).

Upon remand, the ALJ should appropriately review and reevaluate the current evidentiary record, including Dr. Runde's opinion and other medical evidence regarding Plaintiff's physical abilities, particularly with respect to standing and/or walking, pushing and/or pulling, and grasping; and should further develop the record as necessary to formulate an RFC supported by some medical evidence and to continue with the next steps of the sequential evaluation process. The reassessed RFC should be accompanied by a discussion and description of how the evidence supports each RFC conclusion.

**Remaining Arguments**

In light of the remand and reevaluation of Plaintiff's physical RFC, the ALJ shall likewise reassess Plaintiff's mental RFC and the medical opinion evidence, including the opinions of Dr. Bolter and Dr. Browning. The ALJ should also reevaluate Plaintiff's credibility in accordance with *Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1984).

Although the RFC's mental limitations are arguably supported by substantial evidence on the record, the Court is troubled by the ALJ's (and Dr. Bolter's) express reliance on Plaintiff's ability to play the drums in finding that Plaintiff's mental

pushing, pulling, or grasping could further alter the VE's and the ALJ's analysis. Thus, the Court believes that remand is required. *See Draper v. Barnhart*, 425 F.3d 1127, 1130 (8th Cir. 2005) ("While a deficiency in opinion-writing is not a sufficient reason to set aside an ALJ's finding where the deficiency has no practical effect on the outcome of the case, inaccuracies, incomplete analyses, and unresolved conflicts of evidence can serve as a basis for remand.") (cleaned up and citations omitted).

Upon remand, the ALJ should appropriately review and reevaluate the current evidentiary record, including Dr. Runde's opinion and other medical evidence regarding Plaintiff's physical abilities, particularly with respect to standing and/or walking, pushing and/or pulling, and grasping; and should further develop the record as necessary to formulate an RFC supported by some medical evidence and to continue with the next steps of the sequential evaluation process. The reassessed RFC should be accompanied by a discussion and description of how the evidence supports each RFC conclusion.

**Remaining Arguments**

In light of the remand and reevaluation of Plaintiff's physical RFC, the ALJ shall likewise reassess Plaintiff's mental RFC and the medical opinion evidence, including the opinions of Dr. Bolter and Dr. Browning. The ALJ should also reevaluate Plaintiff's credibility in accordance with *Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1984).

Although the RFC's mental limitations are arguably supported by substantial evidence on the record, the Court is troubled by the ALJ's (and Dr. Bolter's) express reliance on Plaintiff's ability to play the drums in finding that Plaintiff's mental

symptoms are no more than moderate. *See, e.g.*, Tr. 16, 18, 57. Plaintiff testified at the evidentiary hearing that he had stopped playing the drums as a result of his mental impairments. Tr. 102. On remand, the ALJ should address this apparent inconsistency.

## **CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that the decision of the Commissioner in denying benefits is **REVERSED** and the action is **REMANDED** for further proceedings consistent with the above.

A separate Judgment shall accompany this Memorandum and Order.

                                                  _____
                                                  AUDREY G. FLEISSIG
                                                  UNITED STATES DISTRICT JUDGE

Dated on this 23rd day of September, 2019.