# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# NORTHERN DIVISION

| | | |
|---|---|---|
| RODNEY SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 2:18-cv-00029-AGF |
| | ) | |
| ANDREW M. SAUL, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's application for attorney's fees under the Equal Access to Justice Act, 28 U.S.C. § 2412. Plaintiff is the prevailing party in this action challenging the decision of Defendant that Plaintiff is not disabled, as defined by the Social Security Act, and was thus not entitled to disability insurance benefits or supplemental security income. Final judgment was entered on September 23, 2019, and Plaintiff filed the current motion for fees on December 9, 2019. Plaintiff seeks $5,584.58 in attorney's fees. Plaintiff asks that the fees be paid to Plaintiff's counsel, pursuant to an assignment of fees executed by Plaintiff. Plaintiff has submitted documentation supporting the requested amount of fees.

Defendant responds that he does not object to an award of fees in the amount sought, but that *Astrue v. Ratliff*, 560 U.S. 586 (2010), mandates that the award is to be paid directly to Plaintiff and may be subject to offset to satisfy any pre-existing debt that the litigant owes to the United States. Further, Defendant requests that the Court's order

reflect that the award of fees is to be paid by the Social Security Administration.

Although Plaintiff's motion for fees is untimely, having been filed more than 30 days after entry of final judgment, 28 U.S.C. § 2412(d)(1)(B), Defendant has waived any such objection to the motion. *See Hickman v. Berryhill*, No. 3:17-CV-00050 BSM, 2018 WL 625103, at *1 (E.D. Ark. Jan. 30, 2018) (holding that the timing requirement of § 2412(d)(1)(B) is not jurisdictional and had been waived by the Social Security Administration); *Vasquez v. Barnhart*, 459 F. Supp.2d 835, 836-37 (N.D. Iowa 2006) (same).

The Court's review of the record indicates that Plaintiff is entitled to an award of fees, and that the amount sought is reasonable and properly supported. As Defendant asserts, *Astrue v. Ratliff*, 560 U.S. 586 (2010), requires that the fees be paid directly to Plaintiff, even in light of the assignment signed by Plaintiff.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's application for attorney's fees in the amount of $5,584.58 is **GRANTED**. ECF No. 25.

**IT IS FURTHER ORDERED** that said award shall be made payable to Plaintiff, and shall be paid by the Social Security Administration.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated on this 26th day of December, 2019.